UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK ROBERTSON,

    Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

Case No. 15-cv-03416-TEH

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    This matter comes before the Court on Defendants' motion to dismiss Plaintiff's first amended complaint. After carefully reviewing the parties' written arguments, the Court finds the matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and now GRANTS Defendants' motion for the reasons discussed below.

**BACKGROUND**

    Plaintiff Frank Robertson, an African-American male over the age of 60, originally filed suit against Defendants County of Alameda, Alameda County Social Services Agency, Dana Castillo, Lori Cox, Laura Jackson, Andrea Ford, Denise Robinson, and Gana Eason in Alameda County Superior Court. Defendants removed the case to this Court and moved to dismiss. In opposition, Robertson moved for leave to amend, stating his intent to proceed only on state law causes of action, and for remand following amendment. The Court subsequently granted leave to amend the complaint and indicated its inclination to remand the case once only state claims remained. Robertson, however, changed course and decided to file an amended complaint asserting both federal and state claims.

The First Amended Complaint ("FAC") alleges multiple claims arising from the termination of Robertson's employment by the County and Agency. Robertson alleges that he worked for the County for over twenty-four years, including six years when he was involved with restructuring the Agency and, among other actions, terminated the employment of Defendant Castillo's mother. Plaintiff contends that Castillo was "intent on avenging the termination of her mother's employment" and "has been attempting to have Plaintiff terminated since 2013." FAC ¶¶ 33-34. Castillo allegedly "has a pattern and practice of discriminating against black persons and persons of African American heritage," as well as "discriminating against persons because of their age and gender," and "encourages her subordinates" to do the same. *Id.* ¶¶ 35-39.

In May 2013, someone under Castillo's supervision allegedly "accused Plaintiff of intimidation and harassment" and referred to Robertson in an email as "being AWOL during a management meeting." *Id.* ¶¶ 39-40. Castillo allegedly "persuaded Defendant Alameda County to formally charge Plaintiff with harassment and intimidation of a colleague." *Id.* ¶ 41. Robertson contends that he was exonerated following an investigation but that he suffered "severe psychological effects," *id.* ¶ 47, and required mental health treatment as a result.

In addition, Robertson alleges that Defendant Jackson, whose role at the Agency is not alleged, sent an email to him in which she referred to him as a "lazy black man." *Id.* ¶ 51. He contends that he complained to Castillo "about this gender and racial harassment and discrimination," but that "[i]nstead of investigating this incident, Defendants took steps to delete and or [sic] destroy this and other emails that demonstrated a pattern of gender and racial discrimination and harassment against Plaintiff." *Id.* ¶¶ 52-53.

Robertson alleges that Defendant Robinson, the human resources director, "improperly charged [him] with sexual harassment and suspended [him] with pay" on December 4, 2013. *Id.* ¶ 54. He submitted a complaint, alleging adverse treatment based on age, gender, and national origin, but Defendants took no corrective action. Instead, the County and Agency terminated Robertson on November 3, 2014, claiming that Robertson

2

1  had violated "the County's policies including but not limited to, prohibitions against sexual
2  harassment in the workplace, neglect of duty, discourteous treatment of the general public
3  or fellow employees and dishonesty." *Id.* ¶ 58. Robertson states that he "is aware of a
4  Caucasian employee who was similarly found guilty of violations of these policies and was
5  not terminated from his employment," *id.* ¶ 59, and contends that "[i]n attempting to
6  justify the gender and racial discrimination against Plaintiff, the individual Defendants
7  fabricated events and conspired to have Plaintiff's employment terminated," *id.* ¶ 60. He
8  further alleges that he is disabled, and that the County and Agency knew of his disability.

He contends that he has "performed all of his duties satisfactorily," *id.* ¶ 26, and that "his gender, disability, age, race, National Origin, and his color caused disparate treatment" in violation of Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"), *id.* ¶ 63. He further alleges discrimination, retaliation, harassment, and failure to prevent discrimination and harassment under the California Fair Employment and Housing Act ("FEHA"), as well as claims for retaliation in violation of public policy, wrongful termination and a hostile work environment in violation of the covenant of good faith and fair dealing, and negligent and intentional infliction of emotional distress. Robertson also alleges fraud, based on his contention that the County and Agency falsely promised him "advancement and employment opportunities," *id.* ¶ 228, and seeks punitive damages.

Defendants have moved to dismiss all of the causes of action, as well as the request for punitive damages.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility

3

that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Conceded Arguments

Robertson failed to respond to several arguments in Defendants' motion, thus conceding those issues. *E.g., Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013). Accordingly, the following are dismissed:

1. Title VII, ADA, and ADEA claims against the individual Defendants, with prejudice.
2. Claims for wrongful termination and hostile work environment in violation of the covenant of good faith and fair dealing, with prejudice.
3. Negligent and intentional inflection of emotional distress claims, with prejudice.[1]
4. All claims against Defendants Cox and Ford, without prejudice.
5. FEHA retaliation claim, without prejudice.[2]

---

[1] Robertson's opposition argued that he alleged sufficient facts to state claims for emotional distress, but he conceded the insufficiency of these claims by failing to respond to Defendants' argument that both claims are barred by California's Workers' Compensation statutes.

[2] Robertson conceded Defendants' argument that his FEHA retaliation claim should be dismissed without prejudice because he "fails to allege any facts showing a causal link

4

6. Request for punitive damages against the individual Defendants, without prejudice.

## II. Retaliation in Violation of Public Policy

Robertson opposes dismissal of his retaliation in violation of public policy claim only on the basis that the authority cited by Defendants, *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320 (2009), "stands for the proposition that there must be sufficient evidence to survive summary judgment, not that the claim is not viable." Opp'n at 8. However, Robertson misreads *Lloyd*. Although it was a summary judgment case, the court held that it was "unnecessary to address whether a triable issue exists with respect to these three causes of action [including retaliation in violation of public policy] because said causes of action against the County *fail to state a claim*." *Lloyd*, 172 Cal. App. 4th at 329 (emphasis added). Such a claim can only be brought against an employer and not nonemployer individuals, and it is barred against the County by California Government Code section 815. *Id.* at 329-30. Accordingly, Robertson's retaliation in violation of public policy claim is dismissed with prejudice.

## III. Remaining Federal and FEHA Claims

On Robertson's remaining federal and FEHA claims, he asserts that he has alleged sufficient facts:

> First, he alleges that he was terminated from employment as a result of alleged sexual harassment while a Caucasian employee who was found guilty of similar misconduct was not. Plaintiff contends that this disparate treatment was because of

---

between his alleged complaints to management and his termination." Mot. at 18. Defendants also argue that this claim must be dismissed *with prejudice* as to the individual Defendants under *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1160 (2008), which held that only the employer, and not nonemployer individuals, may be held liable under FEHA for retaliation. However, *Jones* left open the possibility that "an individual who is personally liable for harassment might also be personally liable for retaliating against someone who opposes or reports that same harassment." *Id*. at 1168 n.4. Because it is unclear whether Robertson can allege such facts, dismissal is without prejudice.

> his gender, race, color, and national origin.  Second, he contends that he was subjected to "discrimination and harassment" based on his gender, race and national origin in the form of unwelcome and derogatory comments by the individual Defendants, which the County failed to stop once notified. . . .
>
> Plaintiff alleges facts showing that the individual Defendants' derogatory comments about his disability were severe and pervasive. . . .
>
> Plaintiff does indeed allege facts showing that the alleged derogatory comments about his age were severe and pervasive.

Opp'n at 5-6.

However, Robertson fails to cite to any allegations in the complaint, and the Court found no allegations of derogatory comments as to disability or age.  Robertson's conclusory allegations – for example, that Castillo "has a pattern and practice of discriminating against persons because of their age," FAC ¶ 36, or that a number of characteristics, including age and disability, "caused disparate treatment," *id.* ¶ 63, or that "the individual Defendants made statements to Plaintiff, which were unwelcome and derogatory in nature," *id.* ¶ 212 – are insufficient to survive a motion to dismiss.  Robertson's ADA and ADEA claims, as well as his FEHA claims based on age and disability, are therefore dismissed without prejudice.

As to race (and possibly gender), Robertson does allege that Defendant Jackson referred to him as a "lazy black man."  FAC ¶ 51.  While this might be sufficient to state a claim if Jackson were a "supervisor or decisionmaker," the complaint contains no allegations about Jackson's role relevant to Robertson.  *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1039 (9th Cir. 2005) (noting that "a single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer").  Moreover, "causing an employee offense based on an isolated comment is not sufficient to create actionable harassment under Title VII." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

Robertson's race claim is not saved by his allegation of "a Caucasian employee who was similarly found guilty of violations of these policies and was not terminated from  his

1 employment." FAC ¶ 59. The complaint's previous paragraph alleges that the reason for
2 Robertson's termination was "violations of the County's policies including but not limited
3 to, prohibitions against sexual harassment in the workplace, neglect of duty, discourteous
4 treatment of the general public or fellow employees and dishonesty." *Id.* ¶ 58. The
5 allegation that another employee violated "these policies" is too vague and conclusory to
6 allege that the Caucasian employee and Robertson were similarly situated. In addition,
7 even if they were similarly situated, the Caucasian employee and Robertson are both male,
8 and this allegation therefore cannot support a gender discrimination claim. Robertson's
9 Title VII claims, as well as his FEHA claims based on race and gender, are therefore
10 dismissed without prejudice.

### IV. Fraud

Next, Robertson acknowledges that his fraud claim requires heightened pleading. Although the parties both argued that this is a requirement under California state law, Federal Rule of Civil Procedure 9(b) provides the governing standard. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Under Rule 9(b), Robertson must allege fraud with enough specificity "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). The allegations that Robertson relies on – that "the County, through the individual Defendants, made knowingly false representations about 'advancement and employment opportunities' with the intent [to] induce Plaintiff to accept and continue employment with the County, and that he forwent 'alternative employment . . . opportunities' in reliance on these alleged misrepresentations," Opp'n at 9-10 – fall far short of this standard. Nor do any other allegations in the FAC allege fraud with sufficient specificity. Consequently, Robertson's

7

fraud claim is dismissed without prejudice.  If Robertson chooses to amend this claim, he must satisfy the heightened pleading requirements of Rule 9(b).

## V.     Punitive Damages Against the County

Finally, Defendants do not dispute Robertson's contention that punitive damages are available for violations of FEHA under California Civil Code section 3294.  However, Robertson fails to consider California Government Code section 818, which provides that "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  Under this statute, "a plaintiff who alleges injury caused by a public entity may be entitled to actual damages for that injury, but not punitive damages."  *Kizer v. Cty. of San Mateo*, 53 Cal. 3d 139, 145 (1991).  Accordingly, Robertson's request for punitive damages against the County is dismissed with prejudice.

## CONCLUSION

For all of the above reasons, Defendants' motion to dismiss all claims in the First Amended Complaint is GRANTED.  The following claims are dismissed with prejudice: retaliation in violation of public policy; wrongful termination and hostile work environment in violation of the covenant of good faith and fair dealing; negligent infliction of emotional distress; intentional infliction of emotional distress; the Title VII, ADA, and ADEA claims against the individual Defendants; and the request for punitive damages against the County.  All other claims are dismissed without prejudice.

On all claims dismissed without prejudice, Robertson may file a second amended complaint on or before **November 13, 2015**.  Failure to file a timely amended complaint will result in dismissal of the entire case.

//

//

1    In light of this order, the November 2, 2015 case management conference is
2    VACATED.  The parties shall file a joint case management conference statement on or
3    before **January 25, 2016,** and appear for a case management conference on **February 1,**
4    **2016, at 1:30 PM**.

6    **IT IS SO ORDERED.**

8    Dated:   10/28/15                                                     _____
                                                                            THELTON E. HENDERSON
9                                                                           United States District Judge