UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ROBERTSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>  Defendants. | Case No. 15-cv-03416-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 82 |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. The Court will grant the motion.

## I. BACKGROUND

This is the second Motion to Dismiss addressed by the Court in this case. Plaintiff Frank Robertson, an African-American male over the age of 60, originally filed suit against Defendants County of Alameda, Alameda County Social Services Agency, Dana Castillo, Lori Cox, Laura Jackson, Andrea Ford, Denise Robinson, and Gana Eason in Alameda County Superior Court. Defendants removed the case to this Court. ECF No. 1. The Court granted Defendants' prior motion to dismiss in an order dated October 28, 2015, dismissing some claims with prejudice and other claims without prejudice. ECF No. 51.

The Second Amended Complaint ("SAC"), ECF No. 81, no longer names individual defendants but rather is brought against County of Alameda ("County") and Does 1-100. SAC at 1. It alleges that Mr. Robertson was first hired by the County in 1989, last held the position of "Supervisor," and at all times mentioned in the complaint performed all his duties satisfactorily. SAC ¶ 9.[1]

---

[1] For purposes of deciding this motion, the Court accepts as true the material allegations of the Second Amended Complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

During his tenure, Plaintiff caused to be terminated the mother of Dana Castillo, who became his supervisor. Id. ¶ 10. Plaintiff alleges Ms. Castillo "had the purpose and intent on [*sic*] avenging the termination of her mother's employment" and "led a campaign to have Robertson fired." Id. ¶ 11. Ms. Castillo convinced other employees to "create a racially charged, discriminatory, and hostile work environment for Robertson," and persuaded them "to formally charge Robertson with sexual harassment and terminate his employment." Id.

Bin Wong, a supervisor, stated Plaintiff is "an intimidator and harasser." Id. ¶ 12. Plaintiff complained to multiple people but the County did not investigate or take any action. Ms. Wong filed harassment and intimidating charges against Robertson. Id. ¶ 13. Ms. Wong also caused Hector Vu "to create a hostile work environment for Robertson." Mr. Vu caused an employee, Theophilius Crump, to file complaints against Plaintiff. Id. ¶ 14. After an incident in Plaintiff's office, Mr. Crump "left Robertson's office mad and embarrassed," "ran into a column and fell down," and requested that another employee call the County Sheriff and 911. Id. Plaintiff was suspended for six months. On July 22, 2013, Plaintiff received a letter "that the allegation of workplace violence against him has been completed and that the allegation was not substantiated." Id. During this investigation, Plaintiff "sought and received treatment for severe flash backs, relapses, depression, emotional problems, and psychological issues." Id.

When Plaintiff returned to work in July 2013, he posted the letter "exonerating him of the charges filed by Crump" on the bulletin board, but was reprimanded for doing so. Id. ¶ 15. The County did not separate Mr. Crump's workplace from Plaintiff, which "made Robertson sick." Id. Ms. Wong and her subordinates "started a campaign to recruit other staff members to file charges of harassment and intimidation against Robertson." Id. ¶ 16. Plaintiff reported this, but the County did not do anything. Id. Plaintiff also alleges that other individuals, "two public Aid recipients," have written letters complaining that Ms. Wong discriminated against them. Id. ¶ 17.

In late summer of 2013, Ms. Castillo convinced Laura Jackson to file sexual harassment claims against Plaintiff. Ms. Jackson had previously written an email to Robertson referring to him as a "lazy Black man." Id. ¶ 18. Plaintiff complained to Castillo, but she did not investigate the incident and instead took steps to destroy the e-mail. Id.

Plaintiff was placed on administrative leave in December, 2013. Id. ¶ 19. Plaintiff was "troubled, depressed, and angry." Id. The County terminated his employment on November 3, 2014. Id. While Plaintiff was terminated "allegedly due to sexual harassment of his supervisor Dana Castillo," John Kouch, who is white and a supervisory employee similarly situated to Robertson, was "found liable for sexually harassing coworkers [and] was not terminated." Id. ¶ 20. When the County "found Kouch liable for the accusations of seeking and receiving sexual favors from his female subordinates in exchange of their promotion," it only "suspended Kouch for three days without pay." Id. Plaintiff alleges that the "sexual harassment charges against Robertson was a pretext to terminate him because of his race and to hide defendant's employees discriminatory conduct towards Robertson." Id.

The SAC brings three causes of action: (1) Race discrimination pursuant to Title VII and the California Fair Employment and Housing Act ("FEHA"); (2) Failure to take reasonable steps to prevent a hostile work environment; and (3) Retaliation. Id. ¶¶ 22-32. The County's Motion to Dismiss was filed on April 1, 2016. ECF No. 82. Plaintiff filed a response on April 29, 2016. ECF No. 83. Plaintiff's Response was filed two weeks after the deadline, and the County argues in its Reply that his opposition should be stricken. ECF No. 85 at 2. Nevertheless, because the County has been afforded a full opportunity to reply, the Court shall consider Plaintiff's contentions.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

1  a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th
2  Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe
3  the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d
4  1068, 1072 (9th Cir. 2005).

**III.  DISCUSSION**

The County argues that Plaintiff has failed to plausibly allege any of his three claims under Title VII or FEHA. The Court agrees. Further, it concludes that additional leave to amend would be futile.

**A.  Race Discrimination**

To state a claim for discrimination, Plaintiff must demonstrate "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Chuang v. Univ. of California Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir. 2000).

Plaintiff contends that he has alleged he was terminated because of his race and that other white employees received favorable treatment. ECF No. 83 at 7. However, as the County notes, Plaintiff's dominant theory appears to be that he was subject to adverse employment action in retaliation for his firing the mother of another employee. See, e.g., SAC ¶ 11 (alleging Ms. Castillo "had the purpose and intent on [*sic*] avenging the termination of her mother's employment" and "[a]s a result . . . led a campaign to have Robertson fired"). These allegations suggest that Plaintiff's termination was in fact due to the firing of this employee, not to his race. See Ardalan v. McHugh, No. 13-CV-01138-LHK, 2013 WL 6212710, at *22 (N.D. Cal. Nov. 27, 2013) ("Moreover, Ardalan's allegations in other sections of the Complaint suggest that any retaliation against her was the direct outcome of her *whistleblowing* in 1992 regarding the quality of DLI's curriculum, and not her national origin.").

Plaintiff further contends that he has identified Mr. Kouch, another employee who was disciplined for sexual harassment charges, as a "similarly situated individual" who was "treated more favorably." However, the County notes that Plaintiff has failed to allege whether the charges

against Mr. Kouch were similar to the charges against Plaintiff. ECF No. 82 at 10. In the absence of that information, it is not possible to determine whether Mr. Kouch was "similarly situated" to Plaintiff since, as the County notes, Mr. Kouch's less severe discipline could be explained by a difference in the charges against each employee. Id. Indeed, there are many other possible explanations for the differences in treatment of Mr. Kouch and Plaintiff, such as the fact that Plaintiff had previously been suspended and been the subject of other complaints. See SAC ¶¶ 13-18. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff does not respond to the County's argument, but instead continues to assert that Mr. Kouch is "similarly situated" to Plaintiff by virtue of also having been accused of sexual harassment. ECF No. 83 at 8. This conclusory statement is insufficient. Plaintiff also contends that other non-African-American employees were treated more favorably because their complaints against Plaintiff received a response, while Plaintiff's complaints did not. Id. Here, too, Plaintiff has not plausibly alleged that these other employees were similarly situated to Plaintiff merely because all of them made complaints to their supervisors.

Accordingly, the Court grants the County's motion to dismiss Plaintiff's first cause of action.

### B. Hostile Work Environment

"When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65, 67 (1986)). This standard "takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." Id. Under FEHA, harassment in the workplace may constitute "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victims' employment and create an abusive working environment." Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951 (2012)

(citation omitted).

Plaintiff asserts that he "suffered a lot of harassment at the hands of the employees of defendant and directly from defendant" and identifies many of the allegations in his complaint. Once again, however, these allegations of harassment are connected to the purported desire of Ms. Castillo to "avenge" Plaintiff's termination of her mother. Indeed, Plaintiff once more asserts in his responding brief that these various acts of harassment resulted from "[Ms.] Castillo's conspiracy and plan to get plaintiff terminated." ECF No. 83 at 9.

Allegations of harassment or a hostile work environment generally are insufficient to bring a claim under Title VII or FEHA. Rather, these allegations must be connected to some kind of protected status – in this case, to Plaintiff's race. See 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination "*because of* such individual's race, color, religion, sex, or national origin" (emphasis added); Cal. Gov't Code § 12940(j)(1) (prohibiting harassment of an employee "*because of* race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status" (emphasis added)). Though Plaintiff's brief asserts that "[i]f plaintiff was not an African American he would not have suffered this discriminatory treatment," it offers no factual allegations to support this conclusion. Plaintiff does allege that one employee sent an e-mail to him calling him a "lazy Black man." SAC ¶ 18. But this action, while reprehensible, is not sufficient to demonstrate a "pervasive" hostile work environment. "Simply causing an employee offense based on an isolated comment is not sufficient to create actionable harassment under Title VII." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 (9th Cir. 2004) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Accordingly, the Court grants the County's motion to dismiss Plaintiff's second cause of action.

## C. Retaliation

Under both Title VII and FEHA, a plaintiff may bring a prima facie case of retaliation by showing that (1) she engaged in a protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the

1  employer's action.  Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 506
2  (9th Cir. 2000); see also Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005) (using the
3  same standard for FEHA claims).  The protected activity must relate either to an employee's
4  opposition to a practice made unlawful by Title VII or FEHA, or the employee's participation in
5  an investigation, proceeding, or hearing under one of those acts.  42 U.S.C. § 2000e-3(a); Cal
6  Gov't Code 12940(h).

7  As the County notes, Plaintiff's SAC contain no allegations of a protected activity with a
8  causal link to the County's adverse employment decision.  ECF No. 82 at 14.  The only allegation
9  of racial discrimination involves an e-mail that refers to Plaintiff as a "lazy Black man."  SAC ¶
10 18.  Since Plaintiff complained about this e-mail, this conduct could arguably constitute a
11 protected activity.  Id.  However, the County persuasively argues that Plaintiff has failed to allege
12 any connection between Plaintiff's complaints and the County's actions, especially since there was
13 at least a five or six-month gap between the two events.  ECF No. 82 at 14.

14 Plaintiff declines to respond to any of these arguments.  Instead, his brief contends that his
15 termination of Ms. Castillo's mother during the restructuring of the County's agency is a protected
16 activity.  ECF No. 83 at 10.  It is unclear how the termination of another employee would
17 constitute opposition to a practice made unlawful under Title VII or FEHA, or participation in an
18 administrative investigation or proceeding, and Plaintiff offers no clarification in this regard.

19 Accordingly, the Court grants the motion to dismiss Plaintiff's third cause of action.

20 **D.   Leave to Amend**

21 A party "may amend its pleading only with the opposing party's written consent or the
22 court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P.
23 15(a)(2).  "Dismissal without leave to amend is proper if it is clear that the complaint could not be
24 saved by amendment."  Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008).  "A
25 district court's discretion to deny leave to amend is particularly broad where the plaintiff has
26 previously amended."  Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal
27 quotation marks omitted).

28 This is Plaintiff's second attempt at amendment following the Court's prior order granting

7

a motion to dismiss. Plaintiff acknowledges this, but contends that he should be granted further leave to amend because this is the first substantive complaint filed after Plaintiff had switched to his current counsel. ECF No. 83 at 11. However, the same deficiencies found in all three of Plaintiffs' claims were identified in the Court's prior order dismissing Plaintiff's First Amended Complaint. See ECF No. 51 at 6-7 ("The allegation that another employee violated 'these policies' is too vague and conclusory to allege that the Caucasian employee and Robertson were similarly situated."); id. at 6 (noting that Plaintiff had not alleged actionable harassment and that his allegation of an e-mail referring to him as a "lazy black man" was insufficient because it was an "isolated comment"); id. at 4-5 n.2 (noting that Plaintiff conceded Defendants' argument that he "fails to allege any facts showing a causal link between his alleged complaints to management and his termination."). Given that Plaintiff, even with the advantage of his current counsel, was unable to remedy those deficiencies in his SAC, it is unclear how he would be able to do so in a Third Amended Complaint. Accordingly, the Court concludes that further leave to amend would be futile and grants the County's motion to dismiss with prejudice.

## CONCLUSION

The County's motion to dismiss is granted with prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 9, 2016

_____
JON S. TIGAR
United States District Judge